UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

DAVID THOMPSON,

        Petitioner,

v.

DYLON RADTKE,

        Respondent.

Case No. 22-CV-15-JPS

**ORDER**

1. **INTRODUCTION**

On January 6, 2022, Petitioner David Thompson ("Thompson") filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. ECF No. 1. The Court will screen his petition under Rule 4 of the Rules Governing Section 2254 Proceedings.

2. **FACTUAL BACKGROUND**

In 2015, following a jury trial in Milwaukee County Case Number 2014CF001978,[1] Thompson was convicted of multiple counts of armed robbery, as well as reckless endangerment, attempted robbery, and being a felon in possession of a firearm. ECF No. 1 at 1. He was sentenced to a term of 34 years of confinement to be followed by 30 years of extended supervision. *Id.*

According to Thompson, he filed a postconviction motion on the grounds of ineffective assistance of counsel which prevented him from receiving a fair and impartial trial. *Id.* at 3. Although Thompson does not

---

[1] *State of Wisconsin v. David Thompson Jr.*, Milwaukee Cnty. Case No., 2014CF001978, https://wcca.wicourts.gov/caseDetail.html?caseNo=2014CF001978&countyNo=40&index=0&mode=details (last visited Apr. 15, 2022).

provide the Court with copies of the decisions by the state courts, the Court was able to secure a copy of the state appellate court's order. ECF No. 9-1. It appears that Thompson's specific ground for relief in his postconviction motion concerned the bias of Juror No. 14 in his trial. *Id.* The postconviction court denied his motion, and the Wisconsin Court of Appeals affirmed that decision as well as Thompson's conviction. *Id.* Thompson alleges that, on May 28, 2021, he appealed that decision to the Wisconsin Supreme Court. ECF No. 1 at 3. Based on the state-court docket, it appears that the Wisconsin Supreme Court denied Thompson's petition for review on September 14, 2021.

3. **ANALYSIS**

Rule 4 authorizes a district court to conduct an initial screening of habeas corpus petitions and to dismiss a petition summarily where "it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Thus, Rule 4 provides the district court the power to dismiss both those petitions that do not state a claim upon which relief may be granted and those petitions that are factually frivolous. *See Small v. Endicott*, 998 F.2d 411, 414 (7th Cir. 1993). Under Rule 4, the Court analyzes preliminary obstacles to review, including whether the petitioner has complied with the statute of limitations, exhausted available state remedies, avoided procedural default, and set forth cognizable claims. Here, the Court focuses on exhaustion.

A district court may not address grounds raised in a habeas petition "unless the state courts have had a full and fair opportunity to review them." *Farrell v. Lane*, 939 F.2d 409, 410 (7th Cir. 1991). Accordingly, a state prisoner is required to exhaust the remedies available in state court before a district court will consider the merits of a federal habeas petition. 28 U.S.C.

§ 2254(b)(1)(A); *Dressler v. McCaughtry*, 238 F.3d 908, 912 (7th Cir. 2001). A petitioner exhausts his claim when he presents it to the highest state court for a ruling on the merits. *Lieberman v. Thomas*, 505 F.3d 665, 669 (7th Cir. 2007) (citing *Picard v. Connor*, 404 U.S. 270, 275 (1971)); *Perruquet v. Briley*, 390 F.3d 505, 513 (7th Cir. 2004). Once the state's highest court has had a full and fair opportunity to pass upon the merits of the claim, a petitioner is not required to present it to that court again. *Humphrey v. Cady*, 405 U.S. 504, 516 n.18 (1972).

Thompson's first ground for relief before this Court is that his trial counsel was ineffective for the reasons described in his postconviction motion. ECF No. 1 at 6. Thompson has exhausted this ground and may proceed on a theory that his trial counsel was ineffective for failing to strike Juror No. 14. *Id.*

Thompson's second, third, and fourth grounds for relief are all two-fold. In the second ground, he states that his trial counsel failed to file a motion to suppress evidence and failed to investigate his case; in his third ground, he states that his trial counsel failed to move to dismiss his robbery charges after no victims identified Thompson as the person who robbed them; in his fourth ground, Thompson states that his trial counsel never moved to dismiss the felon-in-possession charge despite knowing that Thompson never possessed a firearm. As to all of these claims, Thompson states that his appellate counsel wrongfully failed to raise these matters on appeal, resulting in Thompson not fully exhausting these grounds. Thompson charges that his appellate counsel, therefore, was also ineffective. Thompson asks that the Court allow him time to exhaust his remedies on these grounds in the state court. The Court will treat this as a request to stay his petition.

A district court may not consider "mixed" habeas petitions (petitions containing both exhausted and unexhausted claims). *Rose v. Lundy*, 455 U.S. 509, 510 (1982). However, a district court may stay a mixed habeas petition and hold it in abeyance while the petitioner exhausts state-court remedies. *Rhines v. Weber*, 544 U.S. 269 (2005). A stay and abeyance is appropriate when "the petitioner had good cause for his failure to exhaust all claims and . . . the unexhausted claims have some possible merit." *Dolis v. Chambers*, 454 F.3d 721, 724 (7th Cir. 2006) (citing *Rhines v. Weber*, 544 U.S. 269, 277–78 (2005)); *Arrieta v. Battaglia*, 461 F.3d 861, 866–67 (7th Cir. 2006). "[W]henever good cause is shown and the claims are not plainly meritless, stay and abeyance is the preferred course of action." *Tucker v. Kingston*, 538 F.3d 732, 735 (7th Cir. 2008). Requiring a showing of good cause before entertaining a stay is critical because staying a federal habeas petition (1) frustrates the Antiterrorism and Effective Death Penalty Act of 1996's ("AEDPA") "objective of encouraging finality of state court judgments by allowing a petitioner to delay the resolution of the federal proceedings"; and (2) "undermines AEDPA's goal of streamlining federal habeas proceedings by decreasing a petitioner's incentive to exhaust all his claims." *Rhines*, 544 U.S. at 270. It is for this reason that the Supreme Court has emphasized that a "stay and abeyance should be available only in limited circumstances." *Id.*

The Court finds that Thompson's circumstances warrant a stay of this action. First, he has demonstrated at least a minimal level of good cause for his failure to exhaust his state remedies. It seems that his postconviction counsel failed to raise his unexhausted matters on appeal. He also filed his petition with this Court quickly. Second, the Court cannot say that his unexhausted claims are completely meritless. Finally, the Court does not

find that Petitioner engaged in intentionally dilatory tactics. Thompson may pursue exhaustion of claims two through four while this case is stayed. He may also consider pursuing a fifth claim for ineffective assistance of postconviction counsel, separating that claim out from claims two through four. It may be that he has missed his opportunity to exhaust these matters under state law, thereby procedurally defaulting on them as to his federal habeas petition. But, for now, the Court will leave that determination for the state court.

The Court will impose one limitation on the stay it grants to Thompson. He shall be required to file a status report with the Court every ninety days, detailing the progress of his efforts to exhaust his remedies in state court. Thompson must file these reports until the exhaustion process is completed. Once completed, he may file a motion to re-open this action, which should be accompanied by an amended petition which includes only the claims he successfully exhausted. If Thompson fails to file a status report as directed, this action will be dismissed without further notice and without prejudice.

Accordingly,

**IT IS ORDERED** that this action be and the same is hereby **STAYED** until further order of the Court;

**IT IS FURTHER ORDERED** that the Clerk of the Court shall administratively close this action; and

**IT IS FURTHER ORDERED** that Petitioner David Thompson shall file a report on the status of his efforts to exhaust his state court remedies **every ninety (90) days** until that process is completed. If he fails to file any such status reports, this action will be dismissed without prejudice.

Dated at Milwaukee, Wisconsin, this 19th day of April, 2022.

BY THE COURT:

_____
J.P. Stadtmueller
U.S. District Judge